UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH ALLEN BOWMAN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN , Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No. C12-874-RSL-BAT<br><br>**REPORT AND RECOMMENDATION ON MOTION FOR EAJA FEES** |

　　　　Plaintiff moves for $7,702.34 in attorneys' fees and $27.77 in costs under the Equal Access to Justice Act ("EAJA").  Dkt. 26.  The Commissioner opposes the motion, arguing that as her position was substantially justified, the Court should deny the motion and award no fees. Dkt. 30.

　　　　The Court may award EAJA fees if (1) the plaintiff is the prevailing party; (2) the government has failed to show its positions during the case were substantially justified or that special circumstances make such an award unjust; and (3) the requested attorneys' fees are reasonable.  28 U.S.C. § 2412(d)(1)(A); *see, e.g.*, *Perez–Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).  Plaintiff is a prevailing party as the Court reversed and remanded the Commissioner's final decision, under sentence four, for further administrative proceedings.  *See*

REPORT AND RECOMMENDATION ON
MOTION FOR EAJA FEES - 1

Dkt. 26; *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (an applicant for benefits is a prevailing party upon procuring a sentence-four remand for further administrative proceedings). The Commissioner does not dispute this but argues EAJA fees should be denied because the government's position was substantially justified. To meet the "substantially justified" standard, the government must advance a position justified to a degree that could satisfy a reasonable person. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *accord Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008). In other words, the government's position must have had a "reasonable basis in both law and fact." *Pierce*, 487 U.S. at 565; *accord Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). In this case, the Court reversed the Commissioner because the ALJ committed harmful error by failing to discuss or account for all limitations found by William Lysak, Ph.D. *See* Dkt. 22. The Commissioner nevertheless argues she was substantially justified in her positions, contending the ALJ's decision was both legally sound and supported by evidence of record. Dkt. 30. This argument defies the plain fact that the ALJ placed great weight on Dr. Lysak's opinion but nonetheless disregarded a limitation that had an indisputable bearing on plaintiff's residual functional capacity. This error was not harmless because, contrary to the Commissioner's argument, *id*. at 2, the ALJ failed to include the omitted limitation in the hypothetical questions posed to the vocational expert. Hence, neither the facts nor the law support the Commissioner's position. Accordingly, as the Commissioner was not substantially justified in her position the Court **RECOMMENDS** that plaintiff's EAJA motion for $7,702.34 in attorneys' fees, and $27.77 in costs be **GRANTED**.

      A proposed order accompanies this Report and Recommendation. Objections, if any, to this Report and Recommendation must be filed and served no later than **October 1, 2013.** If no objections are filed, the matter will be ready for the Court's consideration on **October 4, 2013**.

If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed eight pages. The failure to timely object may affect the right to appeal.

DATED this 17th day of September, 2013.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
MOTION FOR EAJA FEES - 3